# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STATE OF RHODE ISLAND, by and through Attorney General Peter F. Neronha,<br><br>*Plaintiff,*<br><br>v.<br><br>SMART GREEN SOLAR, LLC; and JASJIT GOTRA,<br><br>*Defendants.* | C.A. No. 23-298-JJM-LDA |

## ORDER

Plaintiff the State of Rhode Island, by and through Peter F. Neronha, in his capacity as Attorney General ("State") moves to remand this case to state court because the federal court has no jurisdiction. ECF No. 6. Defendants Smart Green Solar, LLC and Jasjit Gotra ("Smart Green") object. ECF No. 11.

For the Court to consider this case, it must have subject-matter jurisdiction. There are two bases for federal court subject-matter jurisdiction—diversity of citizenship or federal question. Neither basis for jurisdiction exists here.

There is no diversity of citizenship jurisdiction because all parties are residents of Rhode Island. There is also no federal-question jurisdiction. The State's complaint, originally filed in state court, has two counts, both based solely on state law. ECF No. 5 at 23-51.

To succeed on a Motion to Remand, the removing party bears the burden of showing that the court has jurisdiction over the matter in controversy. *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st Cir. 1997). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and cannot "be removed on the basis of a federal defense." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392-93 (1987).

This Complaint asserts a cause of action against the Defendants under both (1) Rhode Island General Law §§ 6-13.1-2 *et. seq.* referencing violation of the Rhode Island Deceptive Trade Practice Act ("DTPA"), and (2) under Rhode Island General Law § 6-13.1-5 *et. seq.* referencing the Attorney General's authority to bring the action in state Superior Court.

Smart Green contends that removal is proper "because as presently drafted the DTPA is vague and ambiguous, and the application of the DTPA as it relates to Plaintiff's claims against Defendants herein raises federal issues that are actually disputed, substantial, and that may be considered by a federal court without disrupting the balance between federal and state courts struck by Congress." ECF No. 11 at 2. But there are no specific disputed federal issues that the court must decide for the State to succeed on its DTPA claim. A question of federal law is not substantial to the State's action and only the application of Rhode Island state law is required. Simply mentioning a federal issue in a complaint is insufficient to create federal subject-matter jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S.

2

804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction").

Because the Court lacks subject-matter jurisdiction, it has no basis to hear this matter and must remand it to Rhode Island Superior Court. The Court GRANTS Plaintiff's Motion to Remand. ECF No. 6.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

September 26, 2023